UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMEL GIBSON,

               Plaintiff,

        -against-

CITY OF NEW YORK, *et al.*,

             Defendants.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
23-CV-8968 (AMD) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Defendant Jerry Bowens's second motion to appoint counsel and Defendant

Admir Kacamakovic's motion to appoint counsel are presently before the Court. Both

Defendants Bowens and Kacamakovic argue that the City of New York Law

Department's (the "Department" or "Corporation Counsel") decision to deny each of

them representation is without merit and was arbitrary and capricious. *See generally*

Kacamakovic Mot. to Appoint Counsel ("Kacamakovic Mot."), ECF 83; Bowens Second

Mot. to Appoint Counsel ("Bowens Mot."), ECF 93. For the reasons set forth below,

Defendant Kacamakovic's and Defendant Bowens's motions to appoint counsel are

denied.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Ramel Gibson and former plaintiff Roy Wrenn[1] initiated this action on

December 6, 2023. *See* Compl., ECF 1. On September 2, 2025, Plaintiff Gibson

---

[1] On June 5, 2026, former plaintiff Wrenn filed a notice of voluntary dismissal,
dismissing his claims as to all Defendants. *See* Notice of Voluntary Dismissal, ECF 69. Soon

("Plaintiff") filed a corrected second amended class action complaint alleging, *inter alia*, claims of malicious prosecution against the City of New York and 11 former New York City police officers, Bowens, Kacamakovic, Michael Arenella, Michael Bergmann, Richard Danese, Michael Foder, Richard Hall, Sean Johnstone, Eddie Martins, Oscar Sandino, and Henry Tavarez. Second Am. Class Action Compl., ECF 82. More specifically, Plaintiff brings this action on behalf of himself and 376 similarly situated individuals, all of whom had their convictions vacated in 2022 pursuant to writs of *error coram nobis* following an investigation led by the Kings County District Attorney's Office (the "District Attorney") that "uncovered a group of 13 NYPD officers who had committed serious misconduct relating directly to their job duties"; 11 of the 13 officers are named Defendants in this action, including Defendants Bowens and Kacamakovic. *Id.* ¶¶ 9–14.

On March 6, 2024, Defendant Bowens filed a letter indicating that he was requesting representation from the Department under General Municipal Law Section 50-k. *See generally* Bowens Letter, ECF 23. On June 7, 2024, the Department filed a letter stating that "it will not represent Defendant Jerry Bowens." Department Letter, ECF 38, at ECF p. 1. On June 20, 2024, Defendant Bowens filed a motion to appoint counsel, arguing that the Department's decision to deny him representation "lacks a factual basis

---

thereafter, on July 3, 2025, Wrenn and Gibson filed a motion for leave to file an amended complaint. *See* Pls.' Mot. to Amend Compl., ECF 74. On July 11, 2025, the Honorable Ann M. Donnelly granted the motion, adding that "because Roy Wrenn is no longer a party to this suit and the amended complaint contains no allegations relating to him, the Court dismisses the action with respect to Mr. Wrenn." July 11, 2025 ECF Order; *see generally* Pls.' Mot. to Amend Compl., ECF 74; *see also generally* Mot. to Stay, ECF 70. Accordingly, following Wrenn's dismissal from the action, there are up to 377 vacated convictions at issue in this matter, including Plaintiff Gibson's. *See* Mem. in Opp'n, ECF 100, at 4 n.1. Additionally, as Wrenn's conviction was one of the 134 convictions vacated following Defendant Bowens's guilty plea, the Court refers to only 133 vacated convictions at issue with respect to Defendant Bowens in this opinion. *See* First Am. Compl., ECF 62, ¶ 13.

and is arbitrary and capricious." Bowens First Mot. to Appoint Counsel, ECF 40, at 1. On July 15, 2024, the Department filed a response in defense of its position. *See generally* Department First Resp. in Opp'n, ECF 44. On August 16, 2024, the Court issued an Order denying Defendant Bowens's first motion to appoint counsel, finding "that the Corporation Counsel's decision to deny Defendant Bowens representation was not without a factual basis or arbitrary and capricious." Order, ECF 47, at 5.

However, on June 26, 2025, at the Initial Conference, "Defendant Bowens sought to renew his motion to compel the City of New York to represent him" due to the changed circumstances following former plaintiff Wrenn's dismissal from the case.[2] June 26, 2025 ECF Min. Entry & Order; *see* Bowens Mot., ECF 93, at ECF p. 1. At the conference, "the Court directed the Corporation Counsel to be prepared to address that request, as well as any request for representation by Defendant Kacamakovic." June 26, 2025 ECF Min. Entry & Order. On July 11, 2025, Plaintiff Gibson filed an amended complaint, and at a July 17, 2025 status conference, the Court directed Defendant City "to continue to evaluate the *pro se* Defendants' requests for counsel." July 17, 2025 ECF Min. Entry & Order; *see* First Am. Compl., ECF 75.

On July 31, 2025, the Corporation Counsel filed a letter notifying the Court that "the Office of the Corporation Counsel has taken a fresh look at its decision declining

---

[2] Specifically, former plaintiff Wrenn withdrew from the case following an admission "under oath that, at the time of his arrest, he was: (1) in the building where he was arrested and selling drugs; and (2) in possession of several hundred dollars worth of crack cocaine, which was recovered by the police." Mot. to Stay, ECF 70, at 2. As a result of these changed circumstances, the Court permitted Defendant Bowens to renew his request for the Department's representation. *See* June 26, 2025 ECF Min. Entry & Order; Bowens Reply, ECF 102, at ECF p. 1 (arguing that former plaintiff Wrenn's admission "provides the court with proof [that] all vacaturs cannot be relied upon as evidence of employee misconduct as they all lack a factual basis").

the representation of former NYPD Officers Jerry Bowens and Admir Kacam[a]kovic, and is maintaining its position that it will not undertake their representation." Department Letter, ECF 77. On August 1, 2025, the Court set a briefing schedule for Defendants Bowens and Kacamakovic's motions to compel representation, should they wish to submit a written motion in support of their oral requests made at the July 17, 2025 status conference. *See* Aug. 1, 2025 ECF Order.

On September 3, 2025, Defendant Kacamakovic filed his motion to compel representation, requesting "the Court to compel the Corporation Counsel . . . to represent [him]." Kacamakovic Mot., ECF 83, at ECF p. 2. On September 18, 2025, the Corporation Counsel filed an opposition to the motion, maintaining that (1) the Court does not have jurisdiction to consider Defendant Kacamakovic's challenge to the Department's representation determination because the "motion should be brought pursuant to Article 78 of the New York Civil Practice Law and Rules, in the New York state courts"; and (2) the Department's decision "was not arbitrary, capricious, or lacking a basis in fact." Mem. in Opp'n, ECF 87, at 2 (capitalization altered). On September 26, 2025, Defendant Kacamakovic filed a reply in support of his motion. *See* Kacamakovic Reply, ECF 89.

On October 15, 2025, Defendant Bowens filed his second motion to compel representation, requesting that the Court "compel [the] Corporation Counsel to comply with N.Y. General Municipal Law § 50-k" because the "decision to not represent [him] is arbitrary and capricious." *See* Bowens Mot., ECF 93, at 1, 4. On November 3, 2025, the Department filed an opposition to the motion, arguing that (1) the Court does not have jurisdiction to consider Defendant Bowens's challenge to the Department's representation determination, again arguing that the motion should be brought in an Article 78 proceeding in the New York state courts; (2) the Court should maintain its

4

prior ruling, upholding the Department's decision to deny Defendant Bowens's first request for representation; and (3) the Department's "decision was not arbitrary, capricious, or lacking a basis in fact." Mem. in Opp'n, ECF 100, at 2, 3 (capitalization altered). On December 4, 2025, Defendant Bowens filed a reply in support of his motion to compel. *See* Bowens Reply, ECF 102. On December 19, 2025, Defendant Bowens filed a letter seeking additional time to file a reply, which the Court granted. *See* Bowens Letter, ECF 103; Jan. 12, 2026 ECF Order. On February 10, 2026, Defendant Bowens filed an additional reply in support of his motion. *See* Bowens Second Reply, ECF 104.

## DISCUSSION

### I.  Legal Standard

New York City General Municipal Law ("G.M.L.") Section 50-k states, in relevant part, that the New York City Corporation Counsel shall:

> provide for the defense of an employee of any agency in any civil action or proceeding . . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.

G.M.L. § 50-k(2).

"The issue of whether a City employee was acting within the scope of his employment and is thus entitled to representation by the Corporation Counsel . . . is to be determined in the first instance by the Corporation Counsel," and "may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious." *Wong v. City of New York*, 571 N.Y.S.2d 262, 263 (App. Div. 1st Dep't 1991) (citing *In re Williams v. City of New York*, 64 N.Y.2d 800, 802 (1985)); *see Behar v. City of New York*, No. 98-CV-2635 (HB), 1999 WL 212685, at *3 (S.D.N.Y. Apr. 13, 1999) ("[T]he courts are implicated only when corporation counsel's actions rise to the serious level of arbitrary and capricious."

(quotation marks omitted)). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. . . . If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable." *Ward v. City of Long Beach*, 20 N.Y.3d 1042, 1043 (2013) (quotation marks and citation omitted); *see Musso v. City of New York*, No. 05-CV-2511 (RRM) (JO), 2010 WL 11530907, at *4 (E.D.N.Y. Mar. 30, 2010) (observing that the statutory framework of G.M.L. § 50-k "recognizes that Corporation Counsel's primary duty is to represent the City, and not individual City employees," and "embodies the principle" that City employees will not be provided representation "at City expense where there is a conflict of interest arising" between the City and the employee). "Application of the arbitrary and capricious standard is an issue to be decided as a matter of law by the court alone." *Banks v. Yokemick*, 144 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) (cleaned up).

In making a representation determination under § 50-k, the Corporation Counsel "must properly investigate a claim upon an employee's request for representation." *Belches v. City of New York*, 142 N.Y.S.3d 87, 89 (App. Div. 2d Dep't 2021); *see Zampieron v. Bd. of Educ. of City Sch. Dist.*, 958 N.Y.S.2d 649 (Table), 2010 WL 5576190, at *9 (Sup. Ct. N.Y. County Dec. 10, 2010) (finding that the "Corporation Counsel's determination is amply supported by the record" when the representation decision was based on multiple witness accounts). Courts have found that the Corporation Counsel may properly rely on the reports of other state agencies, court proceedings, and verdicts when making representation decisions. *See Wong v. Yoo*, 649 F. Supp. 2d 34, 75 (E.D.N.Y. 2009) (collecting cases); *Barnes v. Banks*, No. 10-CV-4802 (RJS) (JLC), 2011 WL 4943972, at *5 (S.D.N.Y. Oct. 18, 2011) (relying on report prepared by the Internal Affairs Bureau); *Shuford v. Cardoza*, No. 17-CV-6349 (EK) (JRC), 2025 WL 2577028, at *3 (E.D.N.Y. Jan. 23, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 2399055 (E.D.N.Y.

6

Aug. 19, 2025), *appeal filed* (2d Cir. Sept. 19, 2025); *Ladalia v. City of New York*, No. 92-CV-2951 (EHN), 1993 WL 217145, at *1 (E.D.N.Y. June 2, 1993) (relying on a report of the director of the Equal Employment Opportunity Office of the Department of Correction).

## II. Analysis

### A. The Court's Jurisdiction

As a threshold matter, the Court notes that the Corporation Counsel argues that Defendants Bowens and Kacamakovic's motions "should have been brought pursuant to Article 78 of the New York Civil Practice Law and Rules, in the New York State courts." Mem. in Opp'n, ECF 87, at 2; *see* Mem. in Opp'n, ECF 100, at 2. However, as the Court previously found in its Order denying Defendant Bowens's first motion to appoint counsel, "nothing in G.M.L. § 50-k or case law compels a ruling that Article 78 provides the exclusive method for City employees to establish a claim for representation . . . or to contest the Corporation Counsel's rejection of a demand for such relief." Order, ECF 47, at 3 (quotation marks omitted); *see Banks*, 144 F. Supp. 2d at 277; *Barnes*, 2011 WL 4943972, at *4; *Nevares v. Morrissey*, No. 95-CV-1135 (JGK), 1998 WL 265119, at *4 (S.D.N.Y. May 22, 1998) ("Section 50-k(2) does not specify the means by which the Corporation Counsel's decision should be reviewed, and no New York State Court or federal court applying New York law has ever limited such review to an Article 78 proceeding."); *Cucchiara v. Hollingsworth*, No. 15-CV-0314 (KBF), 2016 WL 6068193, at *8 (S.D.N.Y. Oct. 14, 2016) (declining to exercise supplemental jurisdiction over the defendant's representation and indemnification claims, but noting that "the weight of opinion among courts in this District is that defendants may assert claims for representation . . . for the first time via third-party claims in federal court" (quotation marks omitted)); *Harper v. City of New York*, No. 23-CV-5960 (RER) (VMS), 2024 WL 5077536, at *1 n.1 (E.D.N.Y. Dec. 11, 2024) (rejecting the City's argument that the court

did not have jurisdiction over the defendant's motion to compel representation on both procedural and jurisdictional grounds) (collecting cases). Therefore, the Court rejects the Corporation Counsel's argument that the Court lacks jurisdiction over Defendants Bowens and Kacamakovic's motions. *See Barnes*, 2011 WL 4943972, at *4.

## B. Defendant Bowens

The Court is once again not persuaded that the Corporation Counsel's decision to deny Defendant Bowens representation lacked a factual basis or was arbitrary and capricious. Defendant Bowens makes a number of arguments in support of his motion. First, Defendant Bowens contends that the Corporation Counsel uses the District Attorney's vacatur as the basis for denying his representation request. *See* Bowens Mot., ECF 93, at 4. Defendant Bowens argues that this position contradicts the City's position in its motion to dismiss, in which the City argues that the vacatur does not establish proof of officer misconduct. *Id.*; *see* City Mem. in Supp. of Mot. to Dismiss ("City Mem."), ECF 79, at 7–8. In its motion to dismiss, the City emphasizes that the District Attorney's press release states that "'prosecutors have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed'" for the arrests that were subsequently vacated, but that the District Attorney agreed to vacate the convictions and dismiss the charges "'in the interests of justice.'" City Mem., ECF 79, at 7 (quoting Press Release, The Brooklyn District Attorney's Office, Brooklyn DA Eric Gonzalez to Dismiss 378 Convictions That Relied on 13 Officers Who Were Later Convicted of Misconduct While on Duty (Sept. 7, 2022), http://www.brooklynda.org/2022/09/07/brooklyn-da-eric-gonzalez-to-dismiss-378-convictions-that-relied-on-13-officers-who-were-later-convicted-of-misconduct-while-on-duty/ [https://perma.cc/Q83E-JV6X] (hereinafter, "Press Release")). In addition, in its opposition to Defendant Bowens's motion to compel representation, the Corporation

Counsel emphasizes that the District Attorney "did not investigate the circumstances of the underlying convictions that were vacated and, accordingly, did not rule out that Mr. Bowens may have committed misconduct in those instances." Mem. in Opp'n, ECF 100, at 5. As a result, the "Corporation Counsel was unable to find that Mr. Bowens was *not* in violation of any rules or regulations in connection with the events alleged in the Complaint." *Id.* at 7. The two positions the City takes are not in conflict — rather, they support the Corporation Counsel's determination that the conditions for representation required by § 50-k(2) could not be met because it cannot be demonstrated that Defendant Bowens "was *not* in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." G.M.L. § 50-k(2) (emphasis added); *see* Mem. in Opp'n, ECF 100, at 7; *see also Banks*, 144 F. Supp. 2d at 279 ("[I]t is the Corporation Counsel who has the duty under G.M.L. § 50-k(2) to determine whether the whole range of acts or omissions that are the subject of the court proceeding . . . fall within the employee's scope of authority and do not violate internal rules.").

Defendant Bowens points to *Harper v. City of New York*, in which his motion to compel representation was granted under similar circumstances. *See* Bowens Mot., ECF 93, at 4; *see generally* 2024 WL 5077536. In *Harper*, the plaintiff brought claims against Defendant Bowens and others for, *inter alia*, malicious prosecution in part "because the Kings County District Attorney's Office found the police officer who made the arrest, namely Mr. Bowens, to have otherwise engaged in misconduct." *Harper*, 2024 WL 5077536, at *2. The court granted Defendant Bowens's motion to compel representation, finding that the Corporation Counsel's decision was arbitrary, capricious, and lacking a factual basis because the Department provided only an "exceedingly limited record, with no evidence of any investigation by [the Corporation Counsel] or any link between" Defendant Bowens's allocution to a crime of credibility and falsifying

9

documents, which led to the vacatur of the plaintiff's conviction, and the "arrest and prosecution underlying th[e] case." *Id.* at *7.

Here, however, the Corporation Counsel provided the Court with a record of the process it undertook to evaluate the representation determination. *See* Iodice Decl., ECF 100-1, ¶¶ 8–16. The Corporation Counsel rested its determination on an inability to make the affirmative finding that Defendant Bowens was not in violation of any rule or regulation of his agency. Mem. in Opp'n, ECF 100, at 6–7. Namely, the Corporation Counsel highlights that in 2009, Defendant Bowens "pled guilty to, *inter alia*, the criminal charges of official misconduct" and, "[t]hereafter, as a sole result of this plea, [P]laintiff's underlying conviction, and 133 others, were vacated and dismissed solely due to" Defendant Bowens's plea. *Id.* at 6. As the Court previously found in its Order concerning Defendant Bowens's first motion to compel representation: the Department has established a rational basis for its decision considering the circumstances of this case, in which it is undisputed that the 133 vacated convictions at issue stem from Defendant Bowens's guilty plea to official misconduct. *See* Order, ECF 47, at 4–5. That is, but for Defendant Bowens's prior allocution and misconduct, there would have been no vacatur of the convictions that give rise to the allegations at issue in the instant case. While the Corporation Counsel did not conduct an investigation into Defendant Bowens's actions in each of the vacated convictions, and the Court acknowledges that the record the Corporation Counsel points to is thin, the Corporation Counsel did evaluate the sentencing minutes for Defendant Bowens's guilty plea as well as the Press Release in order to make its determination. *See* Iodice Decl., ECF 100-1, ¶¶ 12–15; *cf. Shuford*, 2025 WL 2577028, at *4 (upholding the Corporation Counsel's decision to deny representation based on the defendants' guilty pleas) (collecting cases). As a result of its investigation, the Corporation Counsel concluded that "[c]onsidering the allegations in

10

the complaint along with Mr. Bowens'[s] guilty plea, wherein he admits that he falsified records, violated NYPD rules and regulations, and engaged in official misconduct, as well as [P]laintiff's underlying conviction being vacated as a direct result of Mr. Bowens'[s] plea," the Department "was unable to find that Mr. Bowens was not in violation of any agency rules or regulations at the time of the incident alleged in the complaint" and "determined that Mr. Bowens did not meet the conditions for representation." Iodice Decl., ECF 100-1, ¶ 15; *cf. Barnes,* 2011 WL 4943972, at *5 ("It is hard to understand how it would be in the interests of the taxpayers to have Corporation Counsel represent an officer who has been sanctioned for his conduct arising out of the incident giving rise to this lawsuit."); *Musso*, 2010 WL 11530907, at *4 (observing that the "Corporation Counsel's primary duty is to represent the City, and not individual City employees"). In light of the numerous "alleged violations of agency rules and regulations" that undergird this putative class action lawsuit, the Corporation Counsel has a "proper basis under section 50-k for withholding representation." *Musso*, 2010 WL 11530907, at *6.

In *Lara v. City of New York*, the court was faced with a similar situation in which the Corporation Counsel denied the defendants' requests for representation because the Department found it could not "make the requisite findings under Section 50-k(2)." No. 13-CV-6684 (DLC), 2014 WL 5463374, at *1 (S.D.N.Y. Oct. 22, 2014). The court found that the Corporation Counsel's decision was not arbitrary or capricious because although "[t]here ha[d] been no disciplinary proceeding held to address" the defendants' charges, the police department "declined to pursue disciplinary proceedings," and, consequently, "there ha[d] been no exoneration of [the defendants]." *Id.* at *2. Here, similarly, no disciplinary proceedings have been held regarding Defendant Bowens's charges and the District Attorney declined to investigate the vacated convictions;

therefore, "there has been no exoneration" of Defendant Bowens, *id.*, and the Corporation Counsel is unable to determine that he "was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred," G.M.L. § 50-k(2).[3] Accordingly, absent a clear exoneration as to any wrongdoing for the 133 vacated convictions at issue in this action, this Court cannot find that the Corporation Counsel's decision to deny Defendant Bowens representation was without a factual basis and, therefore, arbitrary and capricious. *See Lara*, 2014 WL 5463374, at *2; *Barnes*, 2011 WL 4943972, at *5 (finding that the Corporation Counsel's decision to decline to represent the defendant was not arbitrary and capricious in part because the decision was based on an NYPD Internal Affairs Bureau's report that did not exonerate the defendant); *cf. Banks*, 144 F. Supp. 2d at 280 (same, because the defendant was not entitled "to representation for the full range of his numerous alleged wrongful actions, on the basis of a dismissal of the one administrative charge his agency chose to lodge against him"); *Musso*, 2010 WL 11530907, at *6 ("Notwithstanding the jury's verdict, each of the[]

---

[3] Although Defendant Bowens argues that former plaintiff Wrenn's withdrawal from the case due to his admission that he was selling and in the possession of drugs at the time of his arrest "provide[s] the court with proof [that] all vacaturs cannot be relied upon as evidence of employee misconduct as they all lack a factual basis," the Court cannot and indeed, need not, draw a generalized assumption regarding all of the 133 vacated convictions at issue. Bowens Reply, ECF 102, at ECF p. 1; *see* Bowens Second Reply, ECF 104, at ECF p. 3. As noted above, the District Attorney's press release specifically stated that "prosecutors have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed" but nonetheless vacated the convictions in the interest of justice. *See* Press Release (quotation marks omitted). Because there has been no formal investigation into any of the vacated convictions or disciplinary proceedings against Defendant Bowens in connection with each conviction, the Court finds that the Department's conclusion that it cannot find that Defendant Bowens was not in violation of any rule or regulation has a factual basis. *See Lara*, 2014 WL 5463374, at *2.

alleged violations of agency rules and regulations provide a proper basis under section 50-k for withholding representation.").

Therefore, it cannot be said that the Corporation Counsel's decision to deny Defendant Bowens representation was "taken without sound basis in reason or regard to the facts." *Ward,* 20 N.Y.3d at 1043 (quotation marks omitted). Because the Corporation Counsel's "determination has a rational basis, it will be sustained, even if a different result would not be unreasonable." *Id.* For these reasons, the Court once again finds that the Corporation Counsel's decision to deny Defendant Bowens representation was not arbitrary and capricious. Accordingly, Defendant Bowens's motion to appoint counsel is denied.

### C. Defendant Kacamakovic

Similarly, the Court is not persuaded that the Corporation Counsel's decision to deny Defendant Kacamakovic representation lacked a factual basis or was arbitrary and capricious. The Corporation Counsel states that Defendant Kacamakovic's 2012 guilty plea to "willfully violating an individual's civil rights by unlawfully detaining and arresting him" led the District Attorney to vacate 14 convictions "as a direct result" of Defendant Kacamakovic's plea. Resp. in Opp'n, ECF 87, at 4–5. The Corporation Counsel now argues that it is "unable to find that Mr. Kacamakovic was not in violation of any rules or regulations in connection with the events alleged in the Complaint." *Id.* at 5. Additionally, the Corporation Counsel contends that "[w]ithout Mr. Kacamakovic's improper conduct . . . the 14 convictions at issue here would not have been vacated." *Id.*

Defendant Kacamakovic posits that the correct inquiry is whether the Corporation Counsel has affirmatively found that he violated any rules or regulations in connection with the events alleged in the complaint. *See* Kacamakovic Reply, ECF 89,

13

at ECF p. 2. Defendant Kacamakovic's argument, however, misconstrues the burden imposed under Section 50-k(2), which requires only that the Corporation Counsel provide a defense where the Corporation Counsel finds that the employee was *not* in violation of any rule or regulation at the time of the alleged act or omission. G.M.L. § 50-k(2).

Here, as with Defendant Bowens, the Corporation Counsel rested its determination on an inability to make the affirmative finding that Defendant Kacamakovic was *not* in violation of any rule or regulation, due to his prior guilty plea which directly led to 14 convictions being vacated. Mem. in Opp'n, ECF 87, at 5–6; *see generally* Iodice Decl., ECF 87-1. Similar to Defendant Bowens, there have been no disciplinary proceedings held regarding Defendant Kacamakovic's conduct relating to the 14 vacated convictions at issue and the District Attorney declined to investigate them. Accordingly, the Department's investigation found that Defendant Kacamakovic's role in the "deprivation of federal civil rights" in the matter resulting in his guilty plea "undermin[ed] his credibility as a police officer" and, as a result, the Department "was unable to find that Mr. Kacamakovic was not in violation of any agency rules or regulations at the time of the incident alleged in the complaint" and it "determined that Mr. Kacamakovic did not meet the conditions for representation." Iodice Decl., ECF 87-1, ¶¶ 14–15. Therefore, "there has been no exoneration" of Defendant Kacamakovic, *Lara*, 2014 WL 5463374, at *2, and the Corporation Counsel is unable to determine that he "was *not* in violation of any rule or regulation of his agency at the time the alleged act or omission occurred," G.M.L. § 50-k(2) (emphasis added).

Under the circumstances of this case — namely that Defendant Kacamakovic's conviction for civil rights violations served as the basis for the putative plaintiffs' convictions being vacated — it cannot be said that the Corporation Counsel's decision

14

to deny representation was "taken without sound basis in reason or regard to the facts." *Ward*, 20 N.Y.3d at 1043 (quotation marks omitted). While "a different result would not be unreasonable," because the Corporation Counsel's "determination has a rational basis, it will be sustained." *Id.* Therefore, the Court finds that the Corporation Counsel's decision to deny Defendant Kacamakovic's representation was not arbitrary and capricious. Accordingly, Defendant Kacamakovic's motion to appoint counsel is denied.

## CONCLUSION

For the foregoing reasons, the Corporation Counsel's decision to deny Defendants Bowens and Kacamakovic representation was not without a factual basis or arbitrary and capricious. Accordingly, Defendant Kacamakovic's and Defendant Bowens's motions to appoint counsel are denied.

**SO ORDERED.**

Dated:  Brooklyn, New York
           March 20, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

15